## Alabama Ferry Company v. J. F. Leathers et al.

Decided May 22, 1902.

**1.—Ferries—Authority of Commissioners Court to License—Statutes Construed.**

The general authority given to commissioners courts by article 1537, Revised Statutes, to establish public ferries whenever the public interest may require, is not restricted, except as to ferries from which there is no public road, by article 718, inhibiting the licensing of another toll ferry within three miles of one already licensed.

**2.—Same—Stream Forming County Line—Injunction.**

Where a river was the boundary line between H. and L. counties and plaintiff operated a ferry on the river at a point where it was crossed by a public road from one county seat to the other, under a license from H. County, he was not entitled to an injunction restraining defendants from operating a ferry on the river one and one-half mile below under a later license from L. County and at a point to which a public road in L. County extended, but from which there was no public road in H. County.

Appeal from the District Court of Houston County. Tried below before Hon. John Young Gooch.

*Nunn & Nunn,* for appellant.

*Adams & Adams,* for appellees.

PLEASANTS, Associate Justice.—This is a suit for damages and for injunction brought by appellant against the appellees. The appellant is a corporation chartered under the laws of the State of Texas, and owns and operates a toll ferry on the Trinity River at the crossing on said river known as the Alabama Crossing. This crossing is on the public road leading from the town of Crockett, in Houston

County, to the town of Centerville, in Leon County. This road has been long established and is the only public road leading from Crockett to Centerville. Appellant obtained its charter on the 15th of January, 1901, and on the 11th day of February of said year was licensed by the Commissioners Court of Houston County to operate a ferry at said crossing. The appellees are and have been since the 14th day of August, 1901, operating a toll ferry on the Trinity River, one and a half miles below appellant's ferry, under a license granted them by the Commissioners Court of Leon County. There is now and has been since said 14th day of August, 1901, a public road from Centerville, the county seat of Leon County, to the crossing on the Trinity River at which appellees operate their ferry, but there is no public road in Houston County leading to or from said ferry. The Trinity River is the boundary between the counties of Houston and Leon. Appellees were operating their ferry as a public toll ferry for some time prior to the opening of the public road to said ferry by the Commissioners Court of Leon County.

Plaintiff's petition asked for an injunction restraining the defendants from operating a ferry at any point on the Trinity River within three miles of the crossing at which plaintiff's ferry is situate, and prayed for damages in the sum of $500 alleged to have been caused plaintiff by the wrongful act of the defendants in operating their ferry within less than three miles of plaintiff's ferry. On July 3, 1901, the district judge granted a temporary injunction in accordance with the prayer of the petition. The defendants' answer filed on October 1, 1901, contains general and special exceptions and general denial, and several special pleas which it is unnecessary to set out. The case was tried by the court below without the intervention of a jury, and judgment was rendered in favor of plaintiff for $25 damages for the wrongful act of defendants in operating their ferry within three miles of plaintiff's ferry prior to the time the public road from Centerville to defendant's ferry was opened by the Commissioners Court of Leon County. It was further adjudged and decreed that the temporary injunction granted plaintiff on July 3, 1901, be in all things dissolved.

By proper assignments of error appellant assails this judgment in so far as it dissolves the temporary injunction, on the ground that the facts show that appellees' ferry is not at the crossing of any road declared by the commissioners court of the county in which said crossing is situated to be a public road, and said ferry being within three miles of appellant's ferry, its operation is prohibited by article 718 of our Revised Statutes. This article is as follows:

"Whenever any person or persons shall file with the Secretary of State any articles of association for the erection and maintenance of a ferry, it shall not be lawful for any other toll ferry to be established on the same stream within the limits specified in said article; provided said limits shall not extend more than three miles above and

three miles below said ferry; and provided further, that this article shall not be so construed as to prohibit ferries at the crossing of any road on such stream within such limits declared either before or after the erection of such ferry to be a public road by the commissioners court of the county in which such crossing is situated."

Appellant contends that as the Trinity River is the boundary between the counties of Leon and Houston and there is no public road in Houston County leading to or from appellee's ferry, said ferry is not at the crossing of a public road, because the public road from Centerville, in Leon County, to said ferry only reaches to the river and does not cross it. We do not think this contention is sound. Article 1537, Revised Statutes, confers upon the commissioners court of the several counties the right to establish public ferries whenever the public interest may require. This grant of authority is as broad and full as it was in the power of the Legislature to make. We think it clear that article 718 above quoted does not restrict the general authority granted by article 1537, except as to ferries from which there is no public road. The provision in said article that the same is not to be so construed as to prohibit ferries at the crossing of any road which the commissioners court in the county in which such crossing is situated should declare to be a public road, is an express recognition of the general authority of the commissioners court to establish public roads and ferries whenever and wherever in its discretion the public interest may require. We do not think that the right of the Commissioners Court of Leon County to establish a public ferry across the Trinity River for the convenience of the citizens of said county can depend upon whether the county of Houston sees fit to open a public road to such ferry. Article 4816 of the Revised Statutes provides that the owner of a ferry across any stream which is the boundary between two counties shall only be required to procure a license from the county in which he resides or in which he had his ferry house, and upon the granting of such license the person so licensed shall have the same rights and privileges as the owner of a ferry operated exclusively within the county by which the license was granted, and that no tax shall be levied upon such ferry except by the county which granted such license. Under this statute it is clear that the Commissioners Court of Leon County had the authority to license appellees to operate a ferry across the Trinity River, and said court having granted such license and opened a public road from the county seat of Leon County to said ferry, the crossing at which appellees' ferry is operated is the crossing of a public road as that term is used in article 718, and the maintenance of such ferry by the appellees is not prohibited by said article.

We think the judgment of the court below should be affirmed, and it is so ordered.

*Affirmed.*